SULLIVAN, RESPONDENT, *v.* MARSHALL, APPELLANT.

(No. 4,042.)

(Submitted November 12, 1919. Decided December 8, 1919.)

[00 Pac. 00.]

*Contracts—Sales—Creditor and Debtor—Novation.*

1. Where the purchaser of a building had agreed with the seller
immediately upon completion of the sale, and with plaintiff, that he
would assume a debt due the latter from the seller for a lighting
plant installed by him in the building prior to the sale, the transac-

tion amounted to a "novation" within the meaning of subdivision 2, section 4959, Revised Codes, rendering the purchaser liable on the obligation assumed by him.

*Appeal from District Court of Silver Bow County; J. J. Lynch, Judge.*

ACTION by Michael Sullivan against John W. Marshall. From a judgment for plaintiff, defendant appeals. Affirmed.

*Mr. L. J. Hamilton* and *Mr. Percy Napton,* for Appellant, submitted a brief; *Mr. Hamilton* argued the cause orally.

The complaint pleads a novation, and the burden of proof is upon the plaintiff to prove the same by a preponderance of the evidence. (*Brown* v. *Coffee,* 17 Cal. App. 381, 121 Pac. 309.) "The contract of novation must be proven as other contracts are." (*Haubert* v. *Mausshardt,* 89 Cal. 433, 26 Pac. 899.) The plaintiff relies upon a novation when as a matter of fact there was not a novation, for the reason that the evidence shows that there was a condition precedent or subsequent to be performed before there was a meeting of the minds of the parties to the contract. Whether conditions are precedent or subsequent is to be determined by the intention of the parties as shown by the contract. Where payment is conditioned on delivery this is a condition precedent. If the first debt does not depend on any condition but the second agreement, intended as a novation, is conditional, the novation can only take effect by the performance of the condition before the debt is extinct. Therefore a novation will be prevented from taking place not only by failure of the condition, but also by the extinction of the original debt before the condition is performed. (*Edgell* v. *Tucker,* 40 Mo. 523.)

*Mr. J. E. Healy,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE COOPER delivered the opinion of the court.

This is an action to recover for goods, wares and merchandise sold and delivered to the defendant. On the twenty-ninth

[1]   day of April, 1916, one E. S. Shields was the owner and in possession of a building in the city of Butte, Silver Bow county, known as the ''Butte Tabernacle,'' upon which date a contract of sale thereof was entered into between Shields and defendant, and a part of the purchase price paid thereon. The final payment therefor was made by defendant on the first day of May thereafter. Prior to its sale, and while the building was in the possession of its former owner, the plaintiff, at the special instance and request of Shields, performed work and labor, and furnished wiring and other electrical appliances for the installation of a lighting plant therein, of the value of $143.97. Immediately after the making of the final payment on the purchase price, in a conversation at which the plaintiff, the defendant and Shields were all present, it was agreed that the said electrical appliances should remain in said building, and that the defendant would assume the obligation resting upon Shields and pay to plaintiff the reasonable value of the services and materials, and that Shields should thereupon be released from any further obligation thereon. Upon the trial in the court below, the defendant, in his own behalf, touching the agreement to pay plaintiff for said appliances, testified as follows: ''The building was all mine, except the wiring * * *  ; and I says, 'Can't there be some arrangements made—can't we arrange with Sullivan to have the wiring left there in the building, and I'll take charge of that?' He [Shields] said that was all right, and that probably could be arranged all right and satisfactory, and he proposed that we go right up to Sullivan's house, or the shop, and settle the thing there; so I went along with him up to Sullivan's shop there and agreed to take the wire, and told Sullivan I would agree to take the wire, and told Sullivan I would agree to pay for the wire. We agreed to that.''

By subdivision 2 of section 4959 of the Revised Codes, a novation is made ''by the substitution of a new debtor in the place of the old one, with intent to release the latter.'' This was clearly a novation,—an agreement on the part of defend-

ant to stand in the shoes of the seller [Shields] and to pay plaintiff for the labor and appliances none of the parties deny were performed and furnished as alleged. Upon the showing here made, the defendant cannot escape liability upon an obligation his own testimony clearly shows he assumed.

The judgment is therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY and HURLY concur.